FILED
SUPERIOR COURT
OF GUAM

2019 APR -1 PH 3: 57

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

                Plaintiff,

    v.

JOHNNY PALACIOS AGULTO,
DOB: 09/04/1975

                Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CF0636-12
Case No. CF0081-13
Case No. CF0033-14

**DECISION & ORDER**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 02, 2019 on a submission by Defendant Johnny Agulto ("Defendant") of a Motion to Withdraw Guilty Plea to Correct Manifest Injustice. The Defendant is represented by Assistant Public Defender Rocky Kingree, and the People of Guam are represented by Assistant Attorney General Andrew Warlaumont. After considering the arguments of the parties and the applicable law, the Court issues this Decision and Order and DENIES the Defendant's motion.

**ORIGINAL**

## BACKGROUND

On November 15, 2012, February 19, 2013, and January 24, 2014, Defendant was indicted by a grand jury in CF0636-12[1], CF0081-13, and CF0033-14, respectively, on various drug offenses. The matters were all initially scheduled to proceed with a jury trial on August 11, 2014, however, Defendant informed the Court that he accepted a global plea offer by the People. (Minute Entry, Aug. 7, 2014).

Defendant entered guilty pleas to the offense of Possession of a Schedule II Controlled Substance (as a Third Degree Felony) in each case. (Plea Agreement, Aug. 15, 2014.) For each of the three (3) offenses, Defendant was sentenced *inter alia* to three (3) years' incarceration, with one year suspended, for each charge, to be served consecutively. (Judgment, Sep. 23, 2014.) This amounted to a total period of incarceration of six (6) years, minus fifty-six (56) days of credit for time previously served. (Commitment Order, Oct. 14, 2014).

Defendant was initially scheduled to self-surrender on September, 22, 2014; however, the date was postponed on numerous occasions due to medical ailments suffered by Defendant and his children. Between September 29, 2014 and November 22, 2017, a total of twenty-nine (29) hearings were held, at which time the Court entertained Defendant's requests to allow him additional time to resolve his medical issues before surrendering to authorities to complete his sentence.

In December 2017, the People filed the Motion to Enforce Sentence. (People's Mot. Enforce Sentence, Dec. 07, 2017). Defendant filed his opposition, requesting that the Court "continue to defer enforcement of sentence until such time Defendant is deemed physically able to serve his sentence." (Def.'s Opp. to the Motion to Enforce Sentence at 2, Dec. 21, 2017). The

---

[1] A superseding indictment was filed on September 29, 2013 in CF0636-12.

Court granted the People's motion, and ordered the Defendant to surrender himself to the Department of Corrections within fifteen days. (Dec. & Order, Apr. 03, 2018).

The Defendant subsequently filed a Motion to Withdraw Guilty Plea. (Mot. Withdraw, Oct. 19, 2018). The People filed an opposition. (People's Opposition to Mot. Withdraw, Nov. 01, 2018). On January 02, 2019 the Court heard arguments on the motion, and took the matter under advisement. (Minute Entry, Jan. 02, 2019).

## DISCUSSION

Under Guam Law, a Defendant by motion may request that he or she be permitted to withdraw his or her plea of guilty. 8 GCA § 120.42. The timing of the Defendant's motion will affect the standard under which this Court reviews the request for withdraw. If the motion is made prior to sentencing then the Court may permit a defendant to withdraw his or her plea for any reason it finds as "fair and just." *People v. Castro*, 2016 Guam 16 ¶ 21 (citing *United States v. Erlenborn*, 483 F.2d 165, 168 (9th Cir. 1972). However, after the Defendant has been sentenced, the Court considers the request under a manifest injustice standard. 8 GCA § 120.42; *see also Erlenborn*, 483 F.2d at 168 (the fair in just standard applies only to motions made before sentencing). Since the Defendant has already been sentenced, therefore, the manifest injustice standard applies. (Minute Entry, Aug. 12, 2014).

The manifest injustice standard is a particularly high burden for a defendant. *U.S. v. Baker*, 790 F.2d 1437, 1438 (9th Cir. 1986). The Defendant bears the burden of demonstrating "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Id.* The Defendant complains of three errors in the plea bargaining process which he contends amounts to manifest injustice. (Mot. Withdraw Guilty Plea at 3-4, Oct. 19, 2018). First, the Defendant argues that

his Plea Agreement incorrectly states that the potential sentence for each of the offenses he pled guilty to carry a three year minimum, when they should have stated that the potential sentence carried up to but no more than three years imprisonment. *Id.* at 3. Next, the Defendant asserts that his previous attorney, Mikaela S. Henderson ("Attorney Henderson") misrepresented the possible penalty the Defendant could face if found guilty at trial, claiming that he could face a potential seventy-three (73) years in prison, and that the misrepresentation unduly coerced his guilty plea, rendering it involuntary. *See id.* Finally, the Defendant claims the prosecutions' inclusion of "direct time" in the Plea Agreement renders his plea made without sufficient knowledge. *Id.* at 4.

**a. The Plea Agreement correctly stated the range of sentencing for the offense the Defendant pled guilty to.**

With regard to the Defendant's first contention, the Court finds that the Plea Agreement correctly states the sentencing range for the offenses. The Defendant pled guilty to Possession of a Schedule II Controlled Substance related to methamphetamine in each case. (Plea Agreement at 2). The statute governing sentencing for this offense states: "except as stipulated in § 67.401.12, the Court shall impose a sentence of imprisonment of no less than three (3) years and no more than five (5) years." 9 GCA § 67.401.11. The exception mentioned is the mandatory guideline for first offenders, which prescribes of maximum punishment of up to three years incarceration. 9 GCA § 67.401.12. However, pursuant to the terms of the Plea Agreement, the Defendant acknowledged that he was not entitled to first offender sentencing and that he had already been convicted of a similar methamphetamine possession charge. (Plea Agreement at 10) ("By his signature below, Defendant explicitly admits his prior felony conviction in Superior Court Case CF-0166-98 and agrees to be sentenced as a prior felon"); *see People v. Agulto*, CF0166-98 (Judgment (Johnny Agulto) at 1-2, May 11, 1998) (Judgment of

Guilty for the offense of Possession of a Schedule II Controlled Substance related to the Defendant's possession of crystal meth). Since the Defendant was not entitled to sentencing as a first offender, the sentencing range described in the Plea Agreement: "a maximum sentence of five (5) years incarceration and a minimum sentence of three (3) years incarceration" is in line with the sentencing range prescribed by statute. (Plea Agreement at 2); 9 GCA § 67.401.11. Since the Plea Agreement describes the exact sentencing range as defined in statute, the Court finds no error and, thus, no manifest injustice.

**b. Attorney Henderson's representations concerning maximum sentence were not ineffective assistance of counsel, and the record reflects that the Defendant voluntarily pled guilty.**

The Defendant's next contention is that Attorney Henderson's representation that he could face up to seventy-three (73) years in prison is both factually incorrect, and unfairly coerced him into agreeing to the Plea Agreement. (Mot. Withdraw Guilty Plea at 3). The Defendant claims that "even with all of the charges receiving the max and being ran consecutively" they could not add up to seventy-three years. *Id.* Essentially, the Defendant argues ineffective assistance of counsel, which led him to plead guilty.

A defendant's plea of guilty must be made intelligently, knowingly, and voluntarily. *People v. Van Bui*, 2008 Guam ¶ 11. In determining whether a plea was made intelligently, knowingly, and voluntarily, the Court considers the totality of the circumstances. *Id.* ¶ 15. A claim of ineffective assistance of counsel may require the Court to permit a defendant to withdraw his or her guilty plea. *See Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366 (1985); *see also People v. Castro*, 2016 Guam 16 ¶ 56 ("[e]rroneous or inadequate legal advice may ... constitute a fair and just reason for plea withdrawal."). The Defendant bears the burden of proving ineffective assistance under the two-prong test outlined in *Strickland v. Washington*,

466 U.S. 668 (1984). *Lockhart*, 474 U.S. at 58-59. The Defendant must show that Attorney Henderson's representation fell below an objective standard of reasonableness and that he was prejudiced as a result. *Id.* at 57-59.

Between the Defendant's three cases, he had been indicted for: three counts of Possession of a Schedule II Controlled Substance (as a Third Degree Felony),[2] one count of Possession of a Schedule II Controlled Substance with Intent to Distribute (as a First Degree Felony),[3] one count of Notice: Commission of a Felony While on Felony Release,[4] and one count of Expired Registration (as a Petty Misdemeanor).[5] The possession with intent to distribute charge carried a maximum of thirty (30) years imprisonment. 9 GCA § 67.401.4(a)(1). Each of the other possession charges carried a maximum of five years each, considering the Defendant's prior conviction, for a total of fifteen (15) years. 9 GCA § 67.401.11. The Notice: Commission of a Felony on Felony release carried a maximum penalty of twenty-five (25) years. 9 GCA § 80.37.1. Last, the expired registration offense carried a maximum sixty (60) day penalty. 9 GCA § 80.34(b). In total, the maximum sentence possible, running consecutively, was seventy (70) years and sixty (60) days.

While Attorney Henderson was technically incorrect in stating that the charges against the Defendant carried a maximum of seventy-three (73) years, the Court find that this representation does not fall below an objective standard of reasonableness. The Defendant's charges carried a possibility of up to seventy (70) years if the sentences in each case ran consecutively. Even if the Defendant completely won his case on the possession with intent to distribute charge, which he claims he wanted to go to trial on, the Defendant would still be

---

[2] Two counts in CF0636-12 and one count in CF0033-14.
[3] CF0081-13.
[4] CF0033-14
[5] CF0636-12

facing a sizeable forty (40) years in the other two cases. Attorney Henderson's representation reasonably informed the Defendant of the great consequence that could befall him if he went to trial and lost his cases. It also provided the Defendant with meaningful information to consider when determining if the risk of trial outweighed the sentence outlined in the Plea Agreement, which carried a total incarceration time less than the minimums for the charges. (Plea Agreement at 2, 5) (Defendant to receive nine years with three years suspended for a total of six years instead of doing the three year minimums for each of the three possession charges).

In addition, the record does not reflect that the Defendant's plea was involuntary. Aside from the alleged misrepresentation concerning maximum possible penalty, the Defendant does not illustrate any further reasons as to how his plea of guilty was coerced. (*See* Mot. to Withdraw at 3). At the plea colloquy the Defendant stood before this Court and affirmed that he was voluntarily entering his plea of guilty. (Court Recording at 3:20:20, Aug. 12, 2014). The Defendant does not assert that the colloquy was improper. *See Castro*, 2016 Guam 16 ¶¶ 50-54 (A proper plea colloquy, pursuant to 8 GCA § 60.60, and a defendant's assertion that the plea is voluntary is sufficient to support a denial of a motion to withdraw based on coercion under the more lenient "fair and just" standard). The Defendant has never indicated to the Court that he was forced to enter into the Plea Agreement. Instead, the Defendant has only asked that the Court continue to delay his sentence for medical and family reasons in the twenty-nine (29) hearings between September 2014 and November 2017. (Dec. & Order at 2, Apr. 03, 2018). Even when the Defendant was opposing the People's Motion to Enforce Judgment, he opposed the motion solely on the basis that he was not yet physically able to serve his sentence. (Defendant's Opposition to People's Mot. Enforce at 2, Dec. 21, 2017). It was not until this Court granted the People's Motion to Enforce that the Defendant claimed he had involuntarily

pled guilty. (Mot. Withdraw Guilty Plea at 3). Considering the totality of the circumstances, the Court finds that the Defendant's plea was voluntary, and that the Defendant has not met his burden of showing "a fundamental defect which inherently results in a complete miscarriage of justice." *Baker*, 790 F.2d at 1438; *Van Bui*, 2008 Guam ¶ 15.

As such, the Court finds that the Defendant was effectively counseled and find that the Defendant was not coerced such that withdraw of his plea is required to avoid manifest injustice.

**c. The record reflects that the Defendant knowingly pled guilty.**

Last, the Court considers whether the Defendant's plea was made knowingly. As stated above a Defendant's plea must be made intelligently, knowingly, and voluntarily. *Van Bui*, 2008 Guam ¶ 11. The Court considers the totality of the circumstances in determining if the plea was made knowingly. *Id.* ¶ 15. A proper colloquy of the Court explaining the facts and law of a plea agreement to a defendant, combined with the defendant's assertions that he or she understands the terms he or she is pleading guilty to, is strong evidence that a Defendant has made his or her plea knowingly and intelligently. *See Castro*, 2016 Guam 16 ¶¶ 45-49.

The Defendant asserts that he could not understand the sentencing provision of the Plea Agreement, and therefore his plea was made unknowingly. (Mot. Withdraw at 4). The Defendant's Plea Agreement states that: "A total of nine years shall be imposed; six of these years will be served direct, the final three years shall be suspended." (Plea Agreement at 5). At the colloquy, the Court and Attorney Henderson explained to the Defendant that he would serve six years imprisonment, as outlined in the Plea Agreement. (Court Recording at 3:18:00). In addition, the Court properly instructed the Defendant as to the rights he was forgoing, the maximum penalties that could be imposed, and multiple times asked the Defendant if he

understood the terms of the Plea Agreement. *Id.* at 3:21:00-3:24:40. The Defendant responded affirmatively each time the Court asked if he understood. *Id.* at 3:20:00, 3:21:00, 3:23:19. During the colloquy, the Defendant asked only for clarification concerning the conversion of his fine into community service and vice a versa, to which he was properly counseled by Attorney Henderson. *Id.* at 3:23:20-24:00. After the explanation, the Court asked if the Defendant understood the answer. *Id.* at 3:24:00. The Defendant stated he understood and the Court then proceeded to take the Defendant's pleas of guilty. *Id.* at 3:24:00-3:25:03.

After the plea colloquy, the Defendant sought only to defer his sentencing for medical and family reasons. (Dec. & Order at 2). In the four and a half years since his plea colloquy, the Defendant has never indicated that he did not understand the terms of his plea, in fact that Defendant seem to understand that he was to serve his term of imprisonment and argued only that he was not physically well enough to do. *Id.*; (Defendant's Opposition to People's Mot. Enforce at 2). This motion is the first time the Defendant has ever indicated his confusion regarding the Plea Agreement. Accordingly, the Court finds that, considering the totality of the circumstances, the Defendant's plea was made knowingly; and that allowing the Defendant to withdraw his plea is not necessary to avoid manifest injustice.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** the Defendant's Motion to Withdraw Guilty Plea to Correct Manifest Injustice. A further proceeding shall be held on May 01, 2019 at 3:00 p.m. wherein the Defendant shall be committed to the Department of Corrections. The Defendant shall provide the Department of Corrections all necessary medical forms at the time of commitment.

**IT IS SO ORDERED** on this 1st day of April, 2019.



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the
original hereto was placed in the
court box of:

APR - 1 2019
Date: _____ Time: 4 PM

_____
Deputy Clerk, Superior Court of Guam